568 S.E.2d 50

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Edwin Mack TAYLOR, Defendant Below, Appellant.**

No. 30253.

Supreme Court of Appeals of West Virginia.

Submitted June 5, 2002.

Decided June 27, 2002.

Dennis V. DiBennedetto, Prosecuting Attorney, Petersburg, West Virginia, for appellee.

Teresa A. Tarr, Public Defender Corporation, Charleston, West Virginia, for appellant.

PER CURIAM.

In the instant case we affirm the appellant's conviction for grand larceny, but remand the case for reconsideration of the recidivist portion of his sentence.

I.

The appellant, Edwin Mack Taylor, was convicted of grand larceny in the Circuit Court of Grant County on February 23, 2001. He appeals his conviction, asserting several grounds, all of which we have reviewed and find to be without merit. The appellant also appeals his sentence, specifically that portion of his sentence wherein he was given a recidivist enhancement of his underlying sentence, pursuant to *W.Va.Code,* 61–11–18 [2000].

II.

The appellant claims that the trial court erred in accepting the appellant's plea to the recidivist information charging him with three prior felonies. The appellant asserts that the trial judge failed to conduct a proper colloquy with the appellant, pursuant to Syllabus Point 3 of *Call v. McKenzie,* 159 W.Va. 191, 220 S.E.2d 665 (1975), which states:

When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

We have carefully reviewed the transcript of the hearing in which the appellant pled guilty to the recidivist information. While the circuit judge did not methodically follow the litany set forth in *Call,* the court's inquiry was thorough and leaves us with no doubt (subject to one exception noted *infra*) that the appellant's plea to the recidivist information was knowing and voluntary under the circumstances.

The appellant also asserts that the circuit court erroneously sentenced the appellant pursuant to *W.Va.Code,* 61–11–18 [2000], which doubles the minimum term of an indeterminate sentence upon a recidivism conviction, as opposed to sentencing him pursuant to former *W.Va.Code,* 61–11–18 [1994], which adds five years to the maximum term of an undeterminate sentence. New *W.Va. Code,* 61–11–18 [2000] became effective June 8, 2000. The offense for which the appellant was convicted occurred in February of 2000.

Syllabus Point 1, *Adkins v. Bordenkircher,* 164 W.Va. 292, 262 S.E.2d 885 (1980) states:

Under *ex post facto* principles of the United States and West Virginia Constitutions, a law passed after the commission of an offense which increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him.

The State concedes that *ex post facto* principles require that any recidivist penalty for the defendant be based on the law in effect in February of 2000. Consequently, we must reverse that portion of the appellant's sentence that is based on the recidivism information, and remand for resentencing.

Additionally, because the record does not disclose whether the appellant was possibly laboring under a misapprehension as to the actual sentence he would receive by pleading guilty to the recidivist information, we find that the trial court should permit the appellant to withdraw his recidivist plea, if he so wishes.

Affirmed, in part, Reversed, in part, and Remanded.